Slip Op. 13- 101

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOME MERIDIAN INTERNATIONAL, INC. D/B/A SAMUEL LAWRENCE FURNITURE CO. and PULASKI FURNITURE CO.; and IMPORT SERVICES, INC., <br><br>Plaintiffs,<br><br> GREAT RICH (HK) ENTERPRISES CO., LTD., DONGGUAN LIAOBUSHANGDUN HUADA FURNITURE FACTORY, NANHAI BAIYI WOODWORK CO., LTD., and DALIAN HUAFENG FURNITURE GROUP CO., LTD.,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,<br><br>Intervenor Defendants. | Before: Jane A. Restani, Judge<br><br>Consol. Court No. 11-00325 |

**OPINION AND ORDER**

[Intervenor Defendants' motion for reconsideration or to reopen the record is denied.]

Dated: August 7, 2013

Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, Rebecca M. Janz, Sarah M.

Wyss, and Susan L. Brooks, Mowry & Grimson, PLLC, of Washington, DC, for Plaintiffs[1] and Consolidated Plaintiffs Great Rich (HK) Enterprises Co., Ltd. and Dongguan Liaobushangdun Huada Furniture Factory.

      Ned H. Marshak, Bruce M. Mitchell, and Mark E. Pardo, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, NY, for Consolidated Plaintiff Nanhai Baiyi Woodwork Co., Ltd.

      Lizbeth R. Levinson and Ronald M. Wisla, Kutak Rock LLP, of Washington, DC, for Consolidated Plaintiff Dalian Huafeng Furniture Group Co., Ltd.

      Carrie A. Dunsmore and Joshua E. Kurland, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With them on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of Counsel on the brief was Shana A. Hofstetter, Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

      J. Michael Taylor, Daniel L. Schneiderman, Joseph W. Dorn, Mark T. Wasden, Prentiss L. Smith, Sarah K. Davis, King & Spalding, LLP, of Washington, DC, for Intervenor Defendants.

      Restani, Judge: Intervenor Defendants American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Co., Inc. (collectively "AFMC") move for reconsideration of the court's decision in Home Meridian International, Inc. v. United States, Slip Op. 13-81, 2013 Ct. Intl. Trade LEXIS 83 (CIT June 25, 2013), pursuant to USCIT R. 59.[2] Mem. in Supp. of the AFMC's Mot. for Reconsideration or, in the Alternative, for an Order Directing Commerce to Reopen the R. on Remand ("AFMC's Mot.") at 1. Alternatively, AFMC seeks an order requiring Commerce to reopen the record. Id. Plaintiffs Home Meridian

---

[1] Mowry & Grimson, PLLC withdrew as counsel for Import Services, Inc. on July 31, 2013. The court gave Import Services, Inc. thirty days to retain counsel. It has not done so as of the date of this opinion.

[2] AFMC does not cite the rule under which it seeks reconsideration, but the court assumes the motion was made under this rule.

Int'l, Inc. d/b/a Samuel Lawrence Furniture Co. and Pulaski Furniture Co., as well as Consolidated Plaintiffs Great Rich (HK) Enterprises Co., Ltd. and Dongguan Liaobushangdun Huada Furniture Factory (collectively "HMI") oppose the motion.  See Resp. of Home Meridian Int'l, Inc. d/b/a Samuel Lawrence Furniture Co. & Pulaski Furniture Co.; Great Rich (HK) Enterprises Co., Ltd. & Dongguan Liaobushangdun Huada Furniture Factory to the AFMC's Mot. for Reconsideration or, in the Alternative, for an Order Directing Commerce to Reopen the R. on Remand.  Although not endorsing the court's decision in Home Meridian, Defendant United States also contends that AFMC's motion is inappropriate.  See Def.'s Resp. to AFMC's Mot. for Reconsideration ("Def.'s Resp.") (noting also that Commerce declined to move to reopen the record and instead issued a draft redetermination on July 31, 2013).

In its previous opinion, the court reviewed and remanded to the Department of Commerce ("Commerce") its Final Results of Redetermination Pursuant to Court Order (Dep't Commerce Feb. 25, 2013) ("Remand Results"), Dkt. No. 97.  In Home Meridian, the court held, on the unique facts of this case, that Commerce's determination that Dalian Huafeng Furniture Group Co., Ltd. ("Huafeng") did not use market economy ("ME") wood inputs in manufacturing the subject merchandise was not based on substantial evidence.  2013 Ct. Intl. Trade LEXIS 83, at *22–26.  Additionally, the court held that the actual market economy prices paid for those inputs were, as a matter of law, the best information available on the record for valuing the inputs, as opposed to the surrogate values chosen by Commerce.  Id. at *26–36.  The background of this case is set forth in the court's previous opinion.  See id. at *3–5.  The court presumes familiarity with that decision.

A motion for reconsideration will be granted "only in limited circumstances,"

Consol. Court No. 11-00325                                                                                               Page 4

such as for "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." Target Stores v. United States, 31 CIT 154, 157, 471 F. Supp. 2d 1344, 1347 (2007). The grant or denial of a motion for reconsideration rests within the discretion of the court. Id. at 157, 471 F. Supp. 2d at 1346–47. A motion for reconsideration will not be granted "merely to give a losing party another chance to re-litigate the case." Totes-Isotoner Corp. v. United States, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2008) (citation omitted).

        AFMC alleges the court erred by resting its decision "on the false predicate that 100 percent of the lumber inputs used in production during the period of review ("POR") were purchased from a market economy ("ME") supplier." AFMC Mot. 1. Additionally, AFMC faults the court for "failing to defer to Commerce's reasonable interpretation of its own regulations to value lumber inputs." Id. These arguments have been raised repeatedly in this case, and the court will not entertain them again through a motion to reconsider.

        Contrary to AFMC's claim, the court set out the record evidence provided by Huafeng that supports the assertion it and HMI made before the agency that 100 percent of certain wood inputs used during the POR were from ME suppliers. See Home Meridian, 2013 Ct. Intl. Trade LEXIS 83, at *22–26. Although the explicit statement that 100 percent of these inputs were from market economy suppliers is first made in the case briefs before Commerce, the court found that this assertion was implicit in Huafeng's questionnaire responses, and the

Consol. Court No. 11-00325                                                                                           Page 5

inference was properly before the agency in both Huafeng's and HMI's case briefs.[3] Id. at 25. Notably, neither AFMC nor Commerce characterized these statements as new factual submissions at the time case briefs were submitted to Commerce, and Commerce did not reject the briefs for presenting new factual evidence contrary to 19 C.F.R. § 351.302(d) (2013). Thus, the court did not rely on an incorrect premise in evaluating the record, but rather one that was supported by substantial evidence.

      Additionally, as explained in its opinion, the court deferred to the reasonable methodology used by Commerce in evaluating which information is the best available on the record for valuing inputs. See Home Meridian, 2013 Ct. Intl. Trade LEXIS 83, at *10–20 & n.6 (summarizing Commerce's methodology and finding certain applications of it reasonable but noting that the Antidumping Methodologies policy statement is not directly applicable). The court, however, found that Commerce lacked substantial evidence for its determination that the selected surrogate values, on the unique facts of this case, were the best available information when compared to the actual market economy purchases, considering all relevant factors.

      Finally, the court provided Commerce, not AFMC, with the option to exercise its

---

[3] AFMC points out that although questionnaire responses are certified by an attorney and a company official, case briefs filed before the agency are only certified by an attorney for the company and, therefore, cannot contain factual evidence. Compare Business Proprietary App. to Mem. of Points & Authorities in Supp. of Rule 56.2 Mot. for J. on the Agency R. by Pls.' HMI. ("HMI App.") Tab 15 at 4–5 with HMI App. Tab 8 at 3 (certifying that the attorney "(1) [has] read the attached submission; and (2) based on the information made available to [her] by the forgoing companies, . . . [has] no reason to believe that this submission contains any material misrepresentation or omission of fact."). Although attorneys may not use their case briefs to submit new factual information, see 19 C.F.R. § 351.302(d), they certainly may use them to state explicitly what the record evidence states implicitly. Ultimately, this issue is not important to the court's determination in this case that there was no record evidence to contradict HMI's supported contention that Huafeng used in the subject merchandise certain wood inputs purchased from ME suppliers.

Consol. Court No. 11-00325                                                                                          Page 6

discretion in seeking to reopen the record to conduct further factual investigation on Huafeng's use of market economy inputs.  See id. at *27 n.11, 43.  Because AFMC did not challenge this factual assertion prior to Commerce's final determination, instead focusing its case brief before the agency on legal arguments, see P.R. Doc. 10591, at 9–12, it does not have a right to demand that Commerce reopen the record on this issue.  Commerce chose not to do so, see Def.'s Resp. at 3, and the court will not compel such action on this record.

      For the foregoing reasons, AFMC's motion for reconsideration or in the alternative for an order to reopen the record is DENIED.

                                                    /s/ Jane A. Restani
                                                    Jane A. Restani
                                                           Judge

Dated: August 7, 2013
       New York, New York